UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clara Fuqua,<br>    Plaintiff,<br><br>            v.<br><br>Walmart, Inc.,<br>    Defendant. | CASE NO.: 2:25-cv-4769-RMG-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Clara Fuqua, is a citizen of the State of South Carolina, and resides in Berkeley County, South Carolina.

3. The Defendant, Wal-Mart, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7. All employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. On or about November 19, 2009, the Plaintiff began working for Defendant as a Customer Service Representative, and most recently as a Frontend Team Lead. At all times during her employment, the Plaintiff was efficient and effective in her work.

12. During her employment, the Plaintiff's husband was diagnosed with cancer which constitutes a serious health condition as defined by the FMLA.

13. In or around May 2023, the Plaintiff requested from her supervisor to only work 4 days a week for only 3 to 4 weeks, so that she could help with her husband's care. The Plaintiff's supervisor said instead of providing leave under FMLA, she would just move her to a different schedule and her pay would not be affected.

14. A few weeks later, the Plaintiff noticed that her pay went down from $20.00 to $17.00. The Plaintiff's supervisor told Plaintiff to contact Sedgwick but to wait until after inventory to correct the issue.

15. On or about May 19, 2023, the Plaintiff sent her supervisor the claim number, and let her know that she had until June 8, 2023, to return the FMLA documents to Sedgwick.

16. On or about June 4, 2024, the Plaintiff was terminated prior to approval of her FMLA leave. The Plaintiff's termination was pretextual, and not the true reason Plaintiff was terminated.

17. The Plaintiff requested a meeting to discuss the matter, but she was told that her position was filled, and her request was denied.

18. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Interference

19. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

20. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

21. Defendant's discipline against Plaintiff and discharge of her employment as a result of her need for such leave is a violation of her rights under said statute(s).

22. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

23. Defendant was aware of Plaintiff's qualifications for FMLA and acted retaliatory to deprive Plaintiff of federal FMLA rights.

24. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

25. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Retaliation

26. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

27. The Defendant's discipline against Plaintiff and discharge of her employment as a result of her need for such leave is a violation of her rights under said statute.

28. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

29. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

30. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to her former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

s/Dominic M. Nation
Dominic M. Nation (Fed. I.D. #14290)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
May 30, 2025.